# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Nielsen Francis Ove,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 13-191 ADM/FLN

_____

LeeAnn K. Bell, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Manny K. Atwal, Esq., Office of the Federal Defender, Minneapolis, MN, on behalf of Defendant.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Nielsen Francis Ove's Objection [Docket No. 32] ("Obj.") to Magistrate Judge Franklin L. Noel's October 4, 2013 Report and Recommendation [Docket No. 31] ("R&R"). In the R&R, Judge Noel recommends denying Ove's Motion to Suppress Evidence [Docket No. 13]. After a thorough de novo review of the record and for the reasons stated below, Ove's Objection is overruled and Judge Noel's R&R adopted.

## II. BACKGROUND

Mankato Police Officer Andrew Johnson is a member of the Minnesota River Valley Drug Task Force. Mot. Hr'g Tr. [Docket No. 22] 5-6. On March 6, 2013, a Blue Earth County probation officer asked Johnson and another agent to accompany him on a probation visit, for the purpose of identifying items used in the manufacture of methamphetamine. Id. at 7. During the visit, the probationer, who had tested positive for methamphetamine use, told Johnson the

methamphetamine was purchased from Defendant Ove within the past 72 hours. Id. at 7-8. The probationer provided the agents with several corroborating details, including: (1) Ove drove a 2002 or 2004 dark green Ford Explorer SUV; (2) the SUV had a sticker of a white hand grenade on the front quarter panel of the driver's side; (3) Ove lived with his girlfriend at a particular trailer park in St. Peter, Minnesota; (4) Ove carried a 9-millimeter semiautomatic pistol inside his jacket's chest pocket; and (5) Ove had a secret compartment in his SUV where the passenger-side airbag would normally be located. Id. at 8-9.

Johnson was aware of Ove as a suspect methamphetamine dealer from an investigation two years earlier. Id. at 9-10. Since then, Johnson had received information and complaints from both confidential informants and arrestees regarding Ove, described as "a larger scale methamphetamine dealer in our area" by these persons. Id. at 11. Based on the information Johnson received from the probationer, Johnson issued an officer alert. Id. Johnson also retrieved Ove's records, from which he learned Ove's driver's license had expired and that Ove was a felon, prohibiting him from the possession of firearms. Id. at 12.

Very shortly after the alert issued, a police officer from the St. Peter Police Department contacted Johnson. The officer had identified a green SUV matching the alert's description, in the trailer park identified by the probationer. Id. at 12. Johnson and another agent went to the location and conducted surveillance, where they observed a dark green Ford Explorer SUV which seemed to fit the 2002 or 2004 model description. The front driver's side panel bore a sticker of a white hand grenade. While Johnson was conducting surveillance, a male matching Ove's race and build entered the SUV and began driving. Id. at 13-14.

Johnson and his partner followed the SUV, and coordinated with local police to have it

pulled over for an investigatory stop. Id. at 14. The local officers approached with guns drawn, and Johnson visually confirmed Ove's identity when Ove exited the vehicle. The officers handcuffed Ove and conducted a search of his person, locating a black semiautomatic pistol in the left breast pocket of his jacket. Id. at 15-16. Johnson and his partner then secured Ove's vehicle. Instead of searching the entire vehicle, the agents focused on the passenger-side airbag area, where they found a hidden compartment. Inside, they found a black velvet drawstring bag which contained bullets, hypodermic needles, and bags of suspected methamphetamine. Id. at 17-18. Thereafter, the agents obtained a warrant to search the remainder of the vehicle. They also went to Ove's trailer, secured the persons inside, and obtained a warrant to search the trailer. Id. 18-20.

On July 23, 2013, the Government charged Ove with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Indictment [Docket No. 1]. On August 9, 2013, Ove moved to suppress all evidence obtained as a result of the searches of his vehicle and home. At the hearing on this motion, the Government elicited testimony from Agent Johnson, and the parties subsequently submitted briefing on the motion [Docket Nos. 27, 30].

### III. DISCUSSION

**A. Standard of Review**

In reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. L.R. 72.2(b). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." D. Minn. L.R. **7**2.2(b).

**B. Defendant's Objection**

Ove objects to the R&R on two major grounds. First, Ove argues the Government lacked probable cause to stop his vehicle. Second, Ove argues that even if the Government had probable cause, Johnson conducted an illegal warrantless search of Ove's vehicle, which resulted in seizing the black velvet bag in the hidden compartment. Ove also requests the Court conduct a review the constitutionality of the search of his home.

**1. Investigatory Stop**

A traffic stop is "governed by the principles of Terry v. Ohio, 392 U.S. 1 (1968)." United States v. Jones, 269 F.3d 919, 924 (8th Cir. 2001) (parallel citation omitted). Thus, a traffic stop must be supported by "at least a reasonable, articulable suspicion that criminal activity is afoot." Id. A tip from a known informant, even without corroboration, may provide the necessary reasonable suspicion to justify a stop. A tip from an unknown informant, when sufficiently corroborated, may also establish reasonable suspicion. United States v. Spotts, 275 F.3d 714, 720 (8th Cir. 2002). The more rigorous standard of probable cause will also justify a stop, and probable cause exists when there is evidence of "[a]ny traffic violation, however minor." United States v. Houston, 548 F.3d 1151, 1153 (8th Cir. 2008) (quotation omitted). A stop based on a traffic violation will be constitutional even if it is a pretext for other investigation. United States v. Payne, 534 F.3d 948, 951 (8th Cir. 2008).

In this case, the Government possessed sufficient reasonable suspicion to justify Officer Johnson's stop of Ove's vehicle. Even before speaking with the probationer, Johnson had learned of Ove's reputation as a methamphetamine dealer both through his own investigation and through reports and complaints. In addition to this information, Johnson received several very

specific details from the Blue Earth County probationer, which Johnson then corroborated. Namely, Johnson verified that a person matching Ove's description was driving a dark green Ford Explorer SUV; the SUV was a 2002 or 2004 model; the SUV bore a white hand grenade sticker on the front driver's side panel; and the SUV was located at the trailer park address provided by the probationer. Based on his own knowledge and the corroborated information gained from the probationer, Johnson reasonably suspected Ove was driving the vehicle, and that Ove had engaged in illegal activity. Alternatively, the available information sufficiently corroborated Ove's identity as the driver of the SUV, meaning Johnson had probable cause to believe Ove was driving without a license. In either case, the investigatory stop was justified.

### 2. Warrantless Search of Ove's Vehicle

"As long as the law enforcement officials have probable cause, they may search an automobile without a warrant under the automobile exception." United States v. Fladten, 230 F.3d 1083, 1085 (8th Cir. 2000). An officer has probable cause "when, given the totality of the circumstances, a reasonable person could believe there is a fair probability that contraband or evidence of a crime would be found in a particular place." Id.

The Court agrees with Judge Noel that probable cause existed sufficient to justify Johnson's limited search for Ove's hidden vehicle compartment. Once local officers had stopped the vehicle, Johnson confirmed Ove as the driver. The officers then found a handgun matching the probationer's description in the breast pocket of Ove's jacket, precisely where the probationer described Ove carried a weapon. Combined with the other information Johnson had already corroborated, these additional facts established probable cause that Ove had a hidden compartment used for illegal activity.

### 3. Search of Ove's Home

Ove requests the Court review the constitutionality of the search of his home. The Court concurs in Judge Noel's conclusion that the search was reasonable. The Government may lawfully secure a dwelling, "on the basis of probable cause, to prevent the destruction or removal of evidence while a search warrant is being sought." Segura v. United States, 468 U.S. 796, 810 (1984). In this case, the Government secured Ove's dwelling while it obtained a search warrant, and then lawfully executed the warrant. Ove does not indicate how the search warrant was deficient, nor does the Court identify any such deficiency.

### IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Nielsen Francis Ove's Objection [Docket No. 32] to Magistrate Judge Franklin L. Noel's October 4, 2013 Report and Recommendation [Docket No. 31] is **OVERRULED**;

2. The Report and Recommendation [Docket No. 31] is **ADOPTED**; and

3. Defendant's Motion to Suppress Evidence [Docket No. 13] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: November 18, 2013.