# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Nielsen Francis Ove,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 13-191 ADM/FLN
Civil No. 16-1667 ADM

_____

LeeAnn K. Bell, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Nielsen Francis Ove, pro se.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Nielsen Francis Ove's pro se Petition to Vacate Sentence Under 28 U.S.C. § 2255(f)(3) [Docket No. 50] (the "Motion"). For the reasons stated below, the Motion is denied.

## II. BACKGROUND

On July 23, 2013, Ove was indicted for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Indictment [Docket No. 1].[1] Ove reached a Plea Agreement [Docket No. 38] with the Government and entered a plea of guilty on November 19, 2013. In the Plea Agreement, the parties stated that they believed the base offense level was either 20 or 24, depending on whether Ove's prior felony convictions were "crimes of violence" as defined by §

---

[1] All citations are to the criminal docket.

4B1.2 of the United States Sentencing Guidelines. Plea Agreement ¶ 5(a). The parties agreed that Ove had the following prior convictions: (1) a January 5, 2006 felony conviction in Nicollet County, Minnesota for assault in the second degree – dangerous weapon; (2) an August 11, 2009 conviction in LeSueur County, Minnesota for one count of fleeing a police officer; and (3) a January 29, 2013 conviction in Blue Earth County, Minnesota for terroristic threats, which he committed on March 18, 2012. Id. ¶ 2.

On July 9, 2014, the Court sentenced Ove to 110 months' imprisonment and three years' supervised release. Sentencing J. [Docket No. 48]. Ove's base offense level was determined to be 24 pursuant to § 2k2.1(a)(2) of the Sentencing Guidelines because Ove had committed the instant offense after having at least two prior felony convictions for "crimes of violence" as defined by Sentencing Guideline § 4B1.2.[2] Statement of Reasons ¶ I.B.; Presentence Investigation Report ¶ 19. Ove did not directly appeal his sentence.

On May 25, 2016, nearly two years after Ove's judgment of conviction became final,[3]

---

[2] At the time Ove was sentenced, § 4B1.2(a) of the sentencing guidelines defined a "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a) (2014). The "or otherwise" clause in § 4B1.2(a)(2) is referred to as the "residual clause." United States v. Benedict, 855 F.3d 880, 888 (2017).

[3] Ove's conviction became final on July 24, 2014, when the 14-day appeal period expired. See Fed. R. App. P. 4(b)(1)(A) (setting a 14-day time limit for filing a notice of appeal in a criminal case).

2

Ove filed the present Motion under 28 U.S.C. § 2255(f)(3). Ove initially argued that in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), none of his three prior three felony convictions qualify as "crime[s] of violence" under § 4B1.2(a) of the Sentencing Guidelines.

On July 20, 2016, the Motion was stayed pending resolution of Beckles v. United States. See Order [Docket No. 55]. The question presented in Beckles was whether Johnson's holding—that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague—extended to the identically worded residual clause in § 4B1.2(a)(2) of the Sentencing Guidelines. Because Beckles was likely to have a significant effect on the resolution of Ove's Motion, the Government's Motion to Stay [Docket No. 54] was granted. On March 6, 2017, the Supreme Court held the residual clause in § 4B1.2(a)(2) is not void for vagueness. Beckles v. United States, 137 S. Ct. 886, 892 (2017).

On March 14, 2017, the Government filed a Response [Docket No. 56] to Ove's Motion. The Government argued that the Motion must be denied because it rests entirely upon the contention that the § 4B1.2(a)(2) residual clause is void for vagueness, and this contention has now been rejected by the Supreme Court in Beckles.

On May 1, 2017, Ove filed a Reply [Docket No. 61] in which he abandoned his vagueness argument under Johnson and instead argued that his "prior crime of fleeing police in a motor vehicle would not be a crime of violence if looked at through Mathis v. United States." Reply at 1 ("My argument changes from whether my enhancement is unconstitutionally vague to; does [sic] my prior crimes even qualify me for the enhancement.").

## III. DISCUSSION

28 U.S.C. § 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of his sentence. See United States v. Addonizio, 442 U.S. 178, 185 (1979). Relief is reserved for violations of constitutional rights and for a narrow range of injuries which were outside a direct appeal and which, if untreated, would result in a miscarriage of justice. See Poor Thunder v. United States, 810 F.2d 817, 821-22 (8th Cir. 1987).

Petitions for relief under 28 U.S.C. § 2255 are subject to a one-year statute of limitations period that runs from the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Ove filed his Motion pursuant to § 2255(f)(3). This provision does not apply because Ove has not identified a right that has been newly recognized by the Supreme Court and made retroactively applicable to his case within the past year. Ove's prior argument—that the new rule of law recognized by the Supreme Court in Johnson decision applies to him—has now been foreclosed by Beckles, which holds that unlike the residual clause in the ACCA, the residual

4

clause in the Sentencing Guidelines is not void for vagueness. Beckles, 137 S. Ct. at 892.

Ove's new argument under Mathis v. United States, 136 S. Ct. 2243 (2016), also fails. In Mathis, the Supreme Court applied "longstanding principles, and the reasoning that underlies them," to conclude, consistent with past precedent, that "application of the ACCA involves . . . comparing elements. Courts must ask whether the crime of conviction is the same as, or narrower than, the relevant generic offense." Id. at 136 S. Ct. at 2251. Ove appears to invoke Mathis to argue that his sentence may have been improperly enhanced under the "force" clause of § 4B1.2(a)(1) of the Sentencing Guidelines (rather than the residual clause of § 4B1.2(a)(2)), and that the elements of his underlying convictions do not fall within this clause because they do not require the "use, attempted use, or threatened use of physical force." U.S.S.G. § 4B1.2(1)(a). This argument is untimely under § 2255(f)(3) because it does not rely on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Rather, the argument relies on the use of the categorical approach, which is a rule of law recognized by the Supreme Court more than a quarter century ago. See Mathis, 136 S. Ct. at 2257 ("For more than 25 years, we have repeatedly made clear that application of [the] ACCA involves . . . comparing elements.").

In addition to being untimely under § 2255(f)(3), the Motion fails to satisfy any other subdivision of § 2255(f). The Motion falls outside of (f)(1) because it was filed more than one year after Ove's conviction became final. Subdivisions (f)(2) and (f)(4) do not apply because Ove does not allege any action by the government that prevented him from filing the Motion sooner, nor does he allege new facts to support his claim. Therefore, the Motion is barred by the statute of limitations in § 2255(f).

## IV. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000). In this case, it is virtually certain that no other federal court, including the Eighth Circuit Court of Appeals, would decide Ove's constitutional claims any differently than they have been decided here. Ove has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. The Court therefore declines to grant a certificate of appealability.

## V. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Nielsen Francis Ove's pro se Petition to Vacate Sentence Under 28 U.S.C. § 2255(f)(3) [Docket No. 50] is **DENIED**. A certificate of appealability shall not issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: June 15, 2017.